**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **KEVIN SCHNARRE and TANYA SCHNARRE,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **CIVIL NO. 10-409-GPM** |
| ) | |
| **LOWE'S HOME CENTERS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (quoting *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 577 (1999)) ("Jurisdiction is the 'power to declare law,' and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must."). In their Complaint, Plaintiffs Kevin and Tanya Schnarre (collectively, the Schnarres) allege federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332 (Doc. 2. ¶ 5). Having reviewed the operative Complaint, the Court detects a flaw in Plaintiffs' pleading of jurisdictional facts.

Plaintiff Kevin Schnarre brings this action for strict products liability and negligence against Defendant Lowe's Home Centers, Inc. (Lowe's), in connection with injuries he suffered on April

10, 2010, when a two-piece wheel allegedly "explosively separated" as he was adding air to a tire attached to a garden cart manufactured by Lowe's.  Mr. Schnarre's wife, Plaintiff Tanya Schnarre, asserts a derivative claim for loss of consortium.

In general, federal courts have original subject matter jurisdiction in diversity in cases in which there is complete diversity of citizenship among the parties and in which an amount in excess of $75,000, exclusive of interest and costs, is in controversy.  *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc*., 533 F.3d 542, 547 (7th Cir. 2008); *Smith v. American Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003).  Complete diversity of citizenship means, of course, that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen."  *Howell v. Tribune Entmn't Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).  In a case filed in federal court, the plaintiff as the proponent of federal subject matter jurisdiction has the burden of proof as to the existence of such jurisdiction.  *See Brill v. Countrywide Home Loans, Inc*., 427 F.3d 446, 447-48 (7th Cir. 2005);  *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind*., 298 U.S. 178, 189 (1936)).

It is clear from the allegations of the Schnarre's Complaint that an amount in excess of $75,000, exclusive of interest and costs, is in controversy.  Both Mr. Schnarre and his wife seek damages in excess of $25,000 on each count (*See* Doc. 2, ¶¶ 20, 28 and 31).  Moreover, the Schnarre's Complaint alleges that:

> [a]s a direct and proximate result of the defective and unreasonably dangerous condition of the subject multi-piece wheel and its components [Mr. Schnarre] sustained severe, permanent and disabling injuries, including but not limited to severe and numerous fractures of his jaw, nose and cheek bones as well as loss of his left eye. [Mr. Schnarre] has suffered and will continue to suffer physical and emotional pain, and mental anguish … [and]

has become indebted for extensive reasonable and necessary medical care and treatment.  He will continue to incur further medical expenses in the future. … [Mr. Schnarre's] ability to labor and earn wages and income has been and will continue to be in the future lost, diminished, and/or impaired.

*Id*. at 18-20.  Additionally, Mrs. Schnarre alleges that she has "sustained the loss of services, support, society, companionship, and consortium of her husband.  Further, "[Mrs. Schnarre] has become indebted for expenses for necessary medical care, treatment, and services received by her husband." *Id*. at 31.  It is therefore apparent from the allegations of the Schnarre's Complaint that the jurisdictional amount for diversity purposes is met in this case.  *See Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (diversity jurisdiction proper where plaintiff's complaint sought damages "in excess of $50,000" and alleged "severe and permanent" injuries); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006) (amount in controversy satisfied where plaintiff's medical expenses and lost earnings amounted to $45,000, so that "[a] modest allowance for pain, suffering, and future losses (either income foregone or medical expenses incurred) brings the total over the threshold.").

As to complete diversity of citizenship, the Schnarre's Complaint alleges that Lowe's is a corporation incorporated under North Carolina law with its principal place of business in North Carolina and thus, Lowe's is a citizen of North Carolina for purposes of federal diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981); *See also Frakes v. B & J Food Serv. Equip. of Mo., Inc.*, Civil No. 10-247-GPM, 2010 WL 1418567, at *2 (S.D. Ill. Apr. 7, 2010) (citing *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010)) (a corporation's principal place of business for diversity purposes is the state where the corporation has its headquarters or nerve center).

Unfortunately, the Schnarres fail properly to allege their own citizenship for purposes of

federal diversity jurisdiction, because their Complaint alleges only that they were, at all times relevant hereto, "resident[s] of the State of Illinois" (Doc. 2, ¶¶ 1 and 2).  To invoke diversity jurisdiction, a natural person must be alleged to be a *citizen* of a state, not a resident of a state. "[A]llegations of residence are insufficient to establish diversity jurisdiction . . . . It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'" *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996)).  *See also Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction."); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) ("[A]llegations of residence are insufficient to establish diversity jurisdiction.").

The state citizenship of a natural person for diversity purposes depends in turn on the location of the person's domicile; that is, the state where the person is physically present with the intent to remain there indefinitely. *See Gilbert v. David*, 235 U.S. 561, 569 (1915) ("If a person has actually removed to another place, with an intention of remaining there for an indefinite time … it is to be deemed his place of domicil, notwithstanding he may entertain a floating intention to return at some future period."); *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002) ("Citizenship for purposes of the diversity jurisdiction is domicile, and domicile is the place one intends to remain[.]"); *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996) ("[I]t takes physical presence in a state, with intent to remain there, to establish domicile.").  The Schnarres must therefore amend their Complaint to allege that they are *citizens* of Illinois, not residents of Illinois.

To conclude, the Schnarres are **ORDERED** to file an amended Complaint that alleges that they are citizens of Illinois, not residents of Illinois, no later than 12:00 noon on Monday,

June 14, 2010.  Failure by the Schnarres to file an amended Complaint as herein ordered will result in the dismissal of this case pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure  for lack of federal subject matter jurisdiction.  *See Busch v. Lee Enters., Inc*., Civil No. 09-780-GPM, 2009 WL 4544393, at *1 (S.D. Ill. Dec. 1, 2009); *Ball v. Morgan Stanley & Co*., Civil No. 09-406-GPM, 2009 WL 1708791, at **1-2 (S.D. Ill. June 17, 2009).[1]

**IT IS SO ORDERED.**

DATED:  06/10/2010

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

1.    As a final matter, the Court reminds the Schnarres that the jurisdictional facts contained in their amended complaint must be alleged not on the basis of "information and belief" but on personal knowledge.  *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006).